J-S85039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KATHY WEISS, | : | |
| | : | |
| Appellant | : | No. 1200 EDA 2016 |

Appeal from the PCRA Order April 19, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-1204491-1996

BEFORE:  PANELLA, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED FEBRUARY 28, 2017**

Kathy Weiss ("Weiss") appeals from the Order dismissing her second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

In 1997, following a bench trial, Weiss was convicted of robbery, burglary, theft, possessing an instrument of crime, unlawful restraint, and criminal conspiracy.  The trial court imposed an aggregate sentence of thirty-five to seventy years in prison.

This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on February 17, 2000.  **See Commonwealth v. Weiss**, 742 A.2d 1154 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 751 A.2d 190 (Pa. 2000).

On March, 2001, Weiss filed her first PCRA Petition, alleging ineffective assistance of counsel.  The PCRA court dismissed the Petition.  This Court

affirmed the dismissal Order, and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Weiss*, 844 A.2d 1290 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 858 A.2d 110 (Pa. 2004).

Weiss filed the instant *pro se* PCRA Petition on August 13, 2013. The PCRA court appointed counsel, who filed an amended PCRA Petition claiming Weiss's sentence was illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[1] The PCRA court issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss the Petition, and Weiss filed a Response. The PCRA court dismissed the second Petition as untimely filed. Weiss filed a timely Notice of Appeal and a Concise Statement of matters complained on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Weiss raises the following question for our review: "Did the lower court err in finding that it lacked jurisdiction to correct a patently illegal sentence?" Brief for Appellant at 4.

"On appeal from the [dismissal] of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012).

---

[1] In *Alleyne*, the Supreme Court held that any fact that increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155.

Initially, under the PCRA, any PCRA petition "*including a second or subsequent petition,* shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Weiss's Petition is facially untimely under the PCRA. **See** 42 Pa.C.S.A. § 9545(b). However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id.** § 9545(b); **Albrecht**, 994 A.2d at 1094.

Weiss invokes the newly-recognized constitutional right exception under section 9545(b)(1)(iii), and argues that her sentence is illegal based upon **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). **See** Brief for Appellant at 10, 12. In **Montgomery** the United State Supreme Court held that **Miller v. Alabama**, 132 S. Ct. 2455 (2012), applies retroactively to juveniles, who were under the age of eighteen at the time of the commission

of the crime, and sentenced to mandatory life sentences with the possibility of parole. *See Montgomery*, 136 S. Cr. at 736. *Montgomery* is inapplicable to this case because Weiss was not a juvenile when she committed the crimes, nor was she sentenced to life in prison without parole. *See Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013). Thus, Weiss failed to meet the requirements of the third timeliness exception[2], and the PCRA court properly dismissed her PCRA Petition.[3]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017

---

[2] While Weiss does not cite to *Alleyne* in her appellate brief, we note that *Alleyne* does not invoke the exception under section 9545(b)(1)(iii). Indeed, neither the United States Supreme Court nor the Pennsylvania Supreme Court has ruled that *Alleyne* applies retroactively to cases in which a judgment of sentence has become final. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014); *id.* (stating that while *Alleyne* claims go to the legality of the sentence, a court cannot review a legality claim where it does not have jurisdiction); *see also Commonwealth v. Washington,* 142 A.3d 810, 820 (Pa. 2016) (holding that "*Alleyne* does not apply retroactively to cases pending on collateral review.").

[3] Weiss also argues that her counsel was ineffective for not objecting to a sentence that exceeds the statutory maximum. Brief for Appellant at 10. However, Weiss failed to raise this claim in her Concise Statement, thus the claim is waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Further, allegations of ineffective assistance of counsel do not implicate a timeliness exception. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005).